# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYSCO OKLAHOMA, LLC<br><br>Plaintiff,<br><br>v.<br><br>MICHIGAN CONFERENCE OF TEAMSTERS WELFARE FUND,<br><br>Defendant. | Case No.   CIV-21-116-R |

## COMPLAINT FOR EQUITABLE RESTITUTION OF OVERPAYMENT OF BENEFIT PLAN CONTRIBUTIONS

Plaintiff Sysco Oklahoma, LLC ("Sysco Oklahoma") hereby files this Complaint for Equitable Restitution of Overpayment of Benefit Plan Contributions and alleges the following against Defendant Michigan Conference of Teamsters Welfare Fund ("the Fund").

1. In this Complaint, based on federal common law of equitable restitution, Plaintiff demands judgment in its favor that it is entitled to a refund of overpayment of benefit plan contributions to the Fund ("Over-Contribution") as a result of mistake of fact as permitted under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"), and specifically § 403 (c)(2)(A)(ii) of that Act, codified at 29 U.S.C. § 1103(c)(2)(A)(ii).

## JURISDICTION AND STANDING

2. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as the parties are diverse from one another and the amount in controversy exceeds $75,000.00 in this

1

action based on federal common law of equitable restitution of mistaken payments for refund of benefit plan contributions paid by Plaintiff as a result of mistake of fact. In addition, this Court has federal question jurisdiction under 28 U.S.C. § 1331 as the matter is governed by federal common law. *BAC Local Union 15 Welfare Fund v. McGill Restoration, Inc.*, 2016 WL 6905721, *2, fn. 13 (D. Kan. 2016), citing *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 989 (4th Cir. 1990) (holding that ERISA actions governed by federal common law "arise under" federal law pursuant to § 1331).

## VENUE

3. Venue is appropriate under 28 U.S.C. § 1391(b)(2) in the United States District Court for the Western District of Oklahoma as "a substantial part of the events or omissions giving rise to the claim occurred" in this District. Plaintiff's principal place of business, and the place where the loss occurred as a result of the Defendant's failure to refund the overpayment of contributions, is within this District.

## THE PARTIES

4. Sysco Oklahoma is a Delaware limited liability company with its principal place of business in Norman, Oklahoma. While Sysco Oklahoma is incorporated in Delaware, the Over-Contribution solely relates to benefits that directly impact employees in Oklahoma. Sysco Oklahoma markets and distributes food products. The Company offers its services to restaurants, healthcare and educational facilities, lodging establishments, and other customers.

5. Defendant Fund is a multiemployer employee benefit plan regulated by ERISA, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5) with its principal place of business located in Detroit, Michigan.

## PERTINENT FACTS

6. Sysco Oklahoma is a party to that certain Participation Agreement entered into on or about March 12, 2016 (the "Participation Agreement") by and between Sysco Oklahoma and Teamsters Local Union No. 886 (the "Local Union"). Under that Participation Agreement, Sysco Oklahoma was required to make contributions to the Michigan Conference of Teamsters Welfare Fund for "employees represented by the Local Union and employed by the Employer." *See* Participation Agreement attached hereto as Exhibit "1."

7. On January 19, 2020, Sysco Oklahoma lawfully withdrew recognition from the Local Union. Following a dispute regarding the withdrawal involving NLRB charges, the parties reached a settlement memorialized in a settlement agreement and release of claims between Sysco Oklahoma and the Local Union dated June 30, 2020, confirming that the Company's withdrawal of recognition effective January 19, 2020, was lawful. *See* Settlement Agreement attached hereto as Exhibit "2." Further, the NLRB, through letter dated July 20, 2020, confirmed the withdrawal of recognition. *See* NLRB's correspondence attached as Exhibit "3."

8. On or about February 1, 2020, and March 1, 2020, Sysco Oklahoma remitted contributions to the Trust Fund totaling $304,510.78, with respect to Sysco Oklahoma

employees who were no longer represented by the Local Union. *See* attached composite Exhibit "4."

9. Due to the withdrawal of recognition of the Local Union effective January 19, 2020, Sysco Oklahoma notified the Fund by letter dated January 23, 2020, that its obligation to make contributions to the Fund under the Participation agreement had ceased. *See* attached Exhibit "5."

10. Further, as the enclosed settlement agreement and release and related NLRB correspondence confirm, the employees to whom the Over-Contribution relates were not represented by the Local Union after January 19, 2020, and therefore Sysco Oklahoma had no legal obligation to make that Over-Contribution to the Trust Fund.

11. Because there was no legal obligation to make that contribution, the Over-Contribution paid to the Trust Fund referenced above is refundable to Sysco Oklahoma under the mistake of fact doctrine for which refund is allowable under Section 403(c)(2)(A)(ii) of ERISA."

12. In addition, the Over-Contribution was a "bona fide erroneous payment or overpayment of contributions" within the meaning of Article VIII, Section 5 of the Trust Fund's Agreement and Declaration of Trust as revised through November 6, 2014 (the "Trust Agreement"). *See* Trust Agreement attached hereto as Exhibit "6."

13. On July 29, 2020, Sysco Oklahoma made a written demand to the Fund for return of the Over-Contribution pursuant to the terms of the Trust Agreement and ERISA Section 403(c). *See* attached Exhibit "7."

14. In an e-mail to Lorne Dauenhauer, counsel for Sysco Oklahoma, dated August 17, 2020, Richard Burker, the Trust Fund's Executive Director, responded to Sysco Oklahoma's July 29, 2020 letter stating simply that "no refund will be made" because Sysco Oklahoma "has no legal basis for a refund of contributions paid for the month of March 2020" without citations to authority for his statement. *See* attached Exhibit "8."

15. Sysco Oklahoma counsel again wrote to the Fund on February 10, 2021 demanding refund of the Over-Contributions. *See* attached Exhibit "9." To date, the Fund has not responded to Sysco Oklahoma's February 10, 2021 letter.

16. The retention of the Over-Contribution by the Fund is arbitrary and capricious because retention of these funds is neither necessary for the financial soundness of the Fund nor justified by any other compelling reason expressed by the Fund.

17. This suit for return of contributions paid to the Funds based on mistake is timely as it was brought within six (6) months of Sysco Oklahoma's delivery of its demand letter requesting return of overpaid contributions if the limitation for bringing this action is governed by ERISA §403(c)(2)(A)(ii).

## COUNT I
**CLAIM FOR EQUITABLE RESTITUTION UNDER FEDERAL COMMON LAW FOR REFUND OF CONTRIBUTIONS PAID BY MISTAKE OF FACT**

18. Sysco Oklahoma incorporates by reference, as if they were fully set forth below, paragraphs 1 through 17 stated above.

19. Section 403(c) of ERISA provides, in pertinent part:

(1) Except as provided in paragraph (2)...the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes

of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.

(2)(A) In the case of a contribution...

(ii) made by an employer to a multiemployer plan by a mistake of fact or law...paragraph (1) shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such mistake.

20. Sysco Oklahoma brings this action against the Fund under federal common law for equitable restitution of the Over-Contribution based on a mistake of fact, and has requested refund of such overpayment (as permitted ERISA §403(c)(2)(A)(ii), 29 U.S.C. §1103(c)(2)(A)(ii) for refund of overpayment of contributions), to no avail.

21. Federal common law recognizes a right of employers like Sysco Oklahoma to seek restitution of overpayment to multiemployer plans to prevent the unjust enrichment of a fund with contributions that were not required to be made. *See BAC Local Union 15 Welfare Fund v. McGill Restoration, Inc.*, 2016 WL 6905721, *4 (D. Kan. 2016)(following majority of other circuits in allowing a claim under federal common law for restitution, limited by the terms of ERISA §403(c), in the absence of Tenth Circuit authority).

22. The facts recited above establish that Sysco Oklahoma operated under a good-faith mistake of fact in its payment of contributions to the Fund following the decertification of the union on January 19, 2020. Its mistake of fact in making these contributions was engendered by the Fund's assertion that it was entitled to these contributions despite Sysco Oklahoma's notice of decertification and its strong implication that it would initiate a contribution collection action if the contributions were not made. Sysco paid the contributions in reliance on the Fund's threatened collection action.

23. Despite timely demand by Sysco Oklahoma, the Fund has refused to refund Sysco Oklahoma's contributions.

24. The Fund has been unjustly enriched by retention of the Over-Contribution and should be required to disgorge such gains. By virtue of the Over-Contribution, Sysco Oklahoma has directly conferred a benefit on the Fund, of which it has knowledge and has voluntarily accepted and retained, and it would be inequitable for the Fund to retain the benefit without refunding the Over-Contribution to Sysco Oklahoma. Moreover, in light of the fact that the law in this Circuit has not explicitly recognized an implied cause of action under ERISA §403(c) for refund of contributions due to mistake, Sysco Oklahoma is without an adequate remedy at law.

25. The Fund has not asserted any valid reason, based on applicable documents, or otherwise, to retain these overpayments. No Plan or Trust terms prevent repayment to Sysco Oklahoma of the overpayment of contributions made as a result of mistakes of fact or law.

26. By accepting, and not returning, contributions made in excess of the amounts required under Sysco Oklahoma's participation agreement with the Michigan Teamsters, the Fund is not operating consistent with the terms of the governing plan documents, which represent operational defects that can lead to disqualification of the plans. Moreover, the failure to return those amounts can also be a breach of fiduciary duty under ERISA § 404(a)(1)(D) (i.e., the duty of prudence, which requires that the Board of Trustees discharge its duties "in accordance with the documents and instruments governing the plan…").

27. The principles of equity favor restitution to Sysco Oklahoma of contributions improperly paid to the Funds based on the mistakes of fact referenced herein because the stability of the Fund will not be undermined if they are directed to reimburse Sysco Oklahoma. Further, equity does not favor allowing the Funds to withhold a payment it should not have received, when the Participation Agreement no longer applied, so as to deprive Sysco Oklahoma of significant funds. Finally, Sysco Oklahoma is unaware of any pending claims for benefits made by its employees to the Fund.

28. There is no administrative remedy requirement for Sysco Oklahoma to exhaust before seeking a refund of overpaid contributions. Even if there were such a requirement, which there is not, Sysco Oklahoma has exhausted all efforts to recover the Over-Contribution prior to filing suit, or exhaustion would be futile as the Fund has repeatedly refused to refund the Over-Contribution.

29. Accordingly, Sysco Oklahoma is entitled to a refund of benefit plan contributions made to the Funds on account of mistake of fact, in the amount of $304,510.78.

**WHEREFORE,** Plaintiff Sysco Oklahoma respectfully requests the following relief, that:

A. Sysco Oklahoma have restored to it any and all contributions deemed to have been made under a mistake of fact, in an amount not less than $304,510.78;

B. Sysco Oklahoma be awarded its recoverable costs and reasonable attorneys' fees in conjunction with bringing this action;

  C. Sysco Oklahoma be awarded prejudgment interest on the Over-Contribution; and

  D. For such other, further relief as this Court deems just and equitable.

    Respectfully submitted,

    /s/ Andre' B. Caldwell
    Andre' B. Caldwell, OBA #22092
    andre.caldwell@ogletree.com
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    The Heritage Building
    621 North Robinson Avenue, Suite 400
    Oklahoma City, OK  73102
    Telephone:  (405) 546-3772
    Facsimile:  (405) 546-3775

    /s/ Russell S. Buhite
    Russell S. Buhite, WSBA #41257
    (*pro hac vice* application pending)
    Russell.Buhite@ogletree.com
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    1201 Third Avenue, Suite 5150
    Seattle, WA  98101
    Telephone:  (206) 693-7052
    Facsimile:  (206) 693-7058

    **Attorneys for Plaintiff Sysco Oklahoma, LLC**

45949525.2